**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00164-MR
[CRIMINAL CASE NO. 1:02-cr-00086-MR-1]**

| | |
|---|---|
| **LAWRENCE BRANCH,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's

pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to

28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section

2255 motion will be dismissed.

**I.      BACKGROUND**

On September 10, 2002, Petitioner and others were indicted by the

Grand Jury in this District on one count of conspiracy to possess with intent

to distribute at least 50 grams of a mixture containing cocaine base, in

violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); one count of

possession with intent to distribute at least five grams of cocaine base, in

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three); and

another count of possession with intent to distribute at least five grams of cocaine base (Count Four). [Criminal Case No. 1:02-cr-00086-MR, Doc. 11: Indictment].

Petitioner pled guilty to Count One of the Indictment pursuant to a written plea agreement and the Government agreed to dismiss Counts Three and Four. The plea agreement informed Petitioner that he faced not less than ten years nor more than life imprisonment upon conviction of Count One, and Petitioner agreed that he knew or it was reasonably foreseeable to him that at least 50 grams of cocaine base but less than 150 grams were involved in the drug conspiracy. [Id., Doc. 38: Plea Agreement ¶¶ 2-3]. Petitioner's plea of guilty to Count One was accepted by U.S. Magistrate Judge Max O. Cogburn, Jr. following a Plea and Rule 11 hearing. [Id., Doc. 41: Acceptance and Entry of Guilty Plea]. On June 11, 2003, the Court entered a written judgment sentencing Petitioner to a term of 264 months' imprisonment. [Id., Doc. 74: Judgment in a Criminal Case]. Petitioner did not appeal.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress has provided that a one-year period of limitation shall apply to a motion under Section 2255. The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1)-(4).

28 U.S.C. § 2255(f).

Petitioner's judgment was entered on June 11, 2003, and he did not appeal; therefore, his judgment became final ten days after entry of judgment. Fed. R. App. P. 4(b) (giving ten days to file a notice of appeal, which was amended to fourteen days effective December 1, 2009); Clay v. United States, 537 U.S. 522, 527 (2003).

Petitioner avers that he placed his § 2255 motion in the prison mailing system on June 25, 2012. [Doc. 1 at 14].[1] Therefore, his § 2255 motion has been filed nearly eight years out of time. Petitioner contends, however, that his § 2255 motion is timely filed because it was filed within one year of the date that he discovered the Supreme Court's decision in DePierre v. United States, ___ U.S. ___, 131 S.Ct. 2225 (2011). [Doc. 1 at 13].

Petitioner's argument must be rejected. First, Petitioner's § 2255 motion was filed at the earliest on June 25, 2012, more than one year after the DePierre decision, which was issued on June 9, 2011. As such, Petitioner's motion is not timely under § 2255(f)(3). The motion further is not timely under § 2255(f)(4), as that section applies only to date of discovery of new *facts*, not to the date a petitioner recognizes the legal

---

[1] The Court finds that it is apparent from Petitioner's pleading that he understands the one-year limitation period and that consequently no warning need issue prior to *sua sponte* dismissal. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

significance of new legal authority.  <u>See</u> <u>United States v. Pollard</u>, 416 F.3d 48, 55 (D.C. Cir. 2005).  Additionally, Petitioner has not presented sufficient grounds for the Court to apply equitable tolling.

In any event, even if the § 2255 motion had been timely filed, the holding in <u>DePierre</u> has not been made retroactively applicable to cases on collateral review.  <u>See, e.g.</u>, <u>Field v. United States</u>, 484 F. App'x 425, 427 (11th Cir. 2012); <u>Yates v. Bledsoe</u>, 501 F. App'x 111, 114-15 (5th Cir. 2012) (finding that <u>DePierre</u> did not "render the crimes . . . noncriminal" and that <u>DePierre</u> is not retroactive); <u>United States v. Morris</u>, No. 4:08-cr-00040, 2012 WL 5905003 (W.D. Va. 2012) (citing <u>United States v. Crump</u>, No. 7:06-cr-00007, 2012 WL 604140, at *2 (W.D. Va. 2012) (finding no retroactivity and denying certificate of appealability, 474 F. App'x 241 (4th Cir. 2012) (unpublished).  Accordingly, Petitioner's motion must be denied and dismissed.

## IV.    CONCLUSION

Based on the foregoing, the Court concludes that Petitioner's § 2255 is untimely and the legal authority he relies upon does not entitle him to any relief.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner

has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion is **DISMISSED** as untimely [Doc. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed:    May 23, 2014

Martin Reidinger
United States District Judge